UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                        :

**TAIJAY TODD**,

                      Plaintiff,                       :   **MEMORANDUM DECISION AND ORDER**

         – against –                    :   22-CV-5652 (AMD) (LB)

**THE UNITED STATES**, **GRISOM**, and
**MEGAN VERRY-BAILEY**,                    :

                      Defendants.      :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On September 7, 2022, the *pro se* plaintiff filed this action in the United States District Court for the Northern District of Illinois against Senior Officer Specialist Kelly Grisom and Medical Technician Megan Verry-Baily (the "individual defendants"), as well as the United States. The plaintiff alleges violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and asserts claims pursuant to *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971). (ECF No. 1 at 1–5.) The action was transferred to this District on September 21, 2022 (ECF No. 4), and the Court granted the plaintiff's motion to proceed *in forma pauperis* on November 3, 2022 (ECF No. 13). On May 1, 2023, the individual defendants moved to dismiss. (ECF No. 27.) The United States has not moved to dismiss either the FTCA claim or the *Bivens* claim. As explained below, the individual defendants' motion to dismiss the claims against them is granted. The case will proceed against the United States.

## BACKGROUND

The plaintiff alleges that he was incarcerated at the Metropolitan Detention Center in 2020. (ECF No. 1 at 4.) On April 1, 2021, he left his housing unit to get lunch and, near the kitchen area of the unit, he "attempted to difuse [sic] an altercation at which time [he] was

attacked by several inmates." (*Id.* at 4.)  While he was "trying to keep [his] distance" from the other inmates, he could see that Defendant Verry-Bailey "observ[ed] said assault" but that "she did not hit the body alarm." (*Id.*)

The plaintiff "ma[de] it upstairs" and returned to his cell to "retrieve [his] address book so that he could approach [] Grisom, who was the regular unit officer and on duty that day" (*id.*); then, an unidentified inmate "came into [his] cell and snatched [the plaintiff's] eyeglasses off [of his] desk." (*Id.*)  When the plaintiff tried to get his eyeglasses back, Verry-Bailey and Grisom were speaking to each other, but they made "no attempt to lockdown [sic] unit or alert more staff." (*Id.*)

At this point, the plaintiff claims that someone else attacked him,[1] and he yelled "Help, C.O.[] Help I am being attacked." (*Id.* at 5.)  Grisom "came from behind" and sprayed "mace" in the plaintiff's "injuries, face, and eyes." (*Id.*)  The plaintiff says he was handcuffed and escorted out of the housing unit, "leaving a trail of blood." (*Id.*)[2]

The plaintiff seeks $150,000 in damages for "personal, emotional, and mental injuries and distress," "court cost[s] and lawyer fees." (*Id.* at 6.)

The individual defendants argue that the FTCA's sovereign immunity waiver bars FTCA claims against employees acting within the scope of their employment.  They also argue that the plaintiff has not exhausted his administrative remedies on the *Bivens* claim, and that the claim is otherwise barred under recent Supreme Court precedent.  (*See* ECF No 30.)

---

[1] The plaintiff does not specify who attacked him or why; he stated that he "was pummeled and slashed numerous times in the face, lip, and upper right chest/shoulder area." (ECF No. 1 at 4.)

[2] The plaintiff submitted records from the Bureau of Prisons Health Services, as well as the Brooklyn Hospital Center, which state that the plaintiff was treated for a "minor laceration[s]" to his "right upper chest," "the right side of the face," and his "lower lip." (*See id.* at 7–18.)  An April 1, 2021 health services report also shows that the plaintiff complained of "[b]urning to the right eye," but he stated "I don't know" when asked about the cause of this injury. (*Id.* at 8.)

In his June 5, 2023 opposition, the plaintiff concedes that the FTCA claim against the individual defendants "should be dismissed." He also "agree[s] with the defendants that the *Bivens* claims must be dismissed against the [individual] defendants for plaintiff's failure to exhaust the administrative remedy process." (*Id.*)

Because the plaintiff agrees that the FTCA and *Bivens* claims against the individual defendants must be dismissed, the defendants' motion is granted. In view of this disposition, the Court does not address the defendants' additional arguments on the *Bivens* claim.

## CONCLUSION

For these reasons, all claims against the individual defendants are dismissed. The plaintiff's claims against the United States will proceed.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      March 26, 2024