UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TAIJAY TODD,

                      Plaintiff,

-against-

UNITED STATES OF AMERICA,

                      Defendant.

**FIRST AMENDED COMPLAINT**

22-cv-5652 (AMD)(LB)

Plaintiff Taijay Todd, by and through his attorneys Holwell Shuster & Goldberg LLP, as and for his First Amended Complaint, states and alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States while acting within the scope of their employment, under circumstances where Defendant, if a private person, would be liable to Plaintiff in accordance with the laws of the State of New York.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

2. This court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the events forming the basis of Plaintiff's First Amended Complaint occurred in that District.

4. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2401 and § 2675 of the Federal Tort Claims Act. Namely, the incident giving rise to the action took place on April 1, 2021. Plaintiff first presented his claim to the Bureau of Prisons, the appropriate federal agency,

on April 26, 2021 by submitting a Standard Form 95. *See* Exhibit A. Plaintiff brought the instant action on September 7, 2022. *See* ECF No. 1. Plaintiff's claim was finally denied by the Bureau of Prisons in writing on June 5, 2023. *See* Exhibit B.

## PARTIES

5. Plaintiff Taijay Todd is a citizen of the United Stated of America who, at all relevant times herein, was in the custody and control of the United States, the United States Bureau of Prisons, and its employees at the Metropolitan Detention Center in Brooklyn, NY.

6. Defendant United States established the Bureau of Prisons ("BOP") and maintains BOP as a constituent agency.

## FACTUAL ALLEGATIONS

7. On April 1, 2021, Plaintiff was incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, NY.

8. MDC has a documented history of misconduct committed against inmates, including abuse, violence, constitutional violations, and excessive neglect.

9. That deplorable history has been well-documented in a host of lawsuits filed in this Court and elsewhere and includes murder, rape, medical mistreatment, and freezing conditions. *See generally* Chelsia Rose Marcius, *U.S. Officials Sweep Troubled Brooklyn Prison Where 2 Were Killed*, NY Times (Oct. 28, 2024), bit.ly/4bw5Ouy.

10. Indeed, the Bureau of Prisons recently ceased designating defendants to serve their sentences at MDC. Victoria A. Guerrero et al., *A Half Measure: BOP No Longer Sending Sentenced Defendants to Troubled Brooklyn Detention Center*, Arnold & Porter (Sept. 17, 2024), bit.ly/4btyrII.

11. Judges in this District have cited the "dangerous, barbaric conditions" in sentencing opinions. Namely, Judge Gary R. Brown (E.D.N.Y.) ordered that the prison sentence he imposed on a defendant be vacated if BOP designated MDC as the facility where the defendant would serve his sentence. *Id.*

12. Against this backdrop, MDC has become an environment where inmate-on-inmate assault burgeons while corrections officers turn a blind eye.

### April 1, 2021 Incident #1

13. On April 1, 2021, at approximately 11:30am, Plaintiff was in his cell, located in Unit H-53. Ex. C[1] at 4.

14. Plaintiff was let out of his cell to procure lunch. While he was entering the kitchen area, Plaintiff observed an altercation taking place between several other inmates. *Id.*

15. Plaintiff attempted to diffuse the altercation, but multiple inmates – as many as three – began physically assaulting Plaintiff. Specifically, other inmates slashed Plaintiff's face (using a sharp weapon(s)) and punched Plaintiff in the face and chest. *Id.*

16. Plaintiff did not assault or attack any other inmates during this altercation. He only attempted to block the other inmates' blows in self-defense. *Id.*

17. During the first assault on Plaintiff, Megan Verry-Bailey, a physician's assistant, was observing the altercation from the front door of Unit H-52. *Id.*

18. On April 1, 2021, Megan Verry-Bailey was employed by Defendant.

19. Ms. Verry-Bailey did not hit her body alarm (which would have notified other prison staff that help was needed), did not notify a corrections officer about the assault, and did not attempt to prevent the other inmates from assaulting Plaintiff. *Id.*

---

[1] Ex. C is Dkt. 1, plaintiff's original *pro se* complaint.

20. After the other inmates assaulted him, Plaintiff proceeded back to his cell. *Id.*

**April 1, 2021 Incident #2**

21. Plaintiff began leaving his cell so he could approach Officer Kelly Grisom, the corrections officer on duty in H-53 on April 1, 2021, to report the assault he had just endured. *Id.*

22. On April 1, 2021, Officer Kelly Grisom was employed by Defendant.

23. At that point, another inmate ("Inmate 1") entered Plaintiff's cell, snatched Plaintiff's eyeglasses off of his desk, and ran away towards his own cell. Plaintiff began to follow Inmate 1 to retrieve his eyeglasses. *Id.*

24. While following Inmate 1, Plaintiff observed Ms. Verry-Bailey and Officer Grisom speaking to one another. At that point, neither Ms. Verry-Bailey nor Officer Grisom attempted to lock down the unit, alert more staff, or press their body alarms. *Id.*

25. Plaintiff entered the cell of Inmate 1 to retrieve his glasses. *Id.* at 5.

26. In Inmate 1's cell, Inmate 1 punched Plaintiff multiple times in the face, head, and chest. Inmate 1 also slashed Plaintiff's face, lip, and upper-right chest/shoulder area using a sharp weapon. *Id.*

27. Plaintiff attempted to run away from Inmate 1's cell, while yelling "Help, C.O.! Help, I am being attacked!" *Id.*

28. Inmate 1 continued to assault Plaintiff as Plaintiff attempted to run towards Officer Grisom. *Id.*

29. While a few feet away from Officer Grisom, Plaintiff turned away from Officer Grisom momentarily to defend himself against Inmate 1 (and other inmates who had joined Inmate 1). *Id.*

30. Plaintiff did not attack or assault Inmate 1. As the victim in the altercation, Plaintiff stood his ground and attempted to block Inmate 1's blows in self-defense. *Id.*

31. Officer Grisom – again, standing only a few feet away from Inmate 1 attacking Plaintiff – was close enough to see that Plaintiff was the victim in the altercation and had sustained injuries to his face and head. *Id.*

32. While Plaintiff was turned away from Officer Grisom to defend himself, Officer Grisom – from behind Plaintiff's back – sprayed oleoresin capsicum ("mace") directly into Plaintiff's eyes and face, where he had just sustained slashes from Inmate 1's sharp weapon. *Id.*

### Plaintiff's Injuries and Treatment

33. Plaintiff was unable to see for several minutes after Officer Grisom sprayed mace into his eyes and face.

34. After returning to his cell, Plaintiff was handcuffed and escorted out of the housing unit, leaving a trail of blood. *Id.*

35. At approximately 12:15pm on April 1, 2021, Plaintiff reported to the MDC's medical department, where EMT Robert Beddoe and Dr. Bruce Bialor conducted an assessment. *Id.* at 7-9.

36. Plaintiff's medical assessment reported that he had sustained three lacerations to the right side of Plaintiff's face, a laceration in his lower lip, a laceration to his right upper chest, and a bloodshot right eye. It reported that Plaintiff was actively bleeding. *Id.*

37. Plaintiff was then taken to the Brooklyn Hospital Center for treatment of his facial and lip lacerations. *Id.* at 13-14.

38. At Brooklyn Hospital Center, Plaintiff received sutures in his lip and face for the respective lacerations. *Id.* at 13-14.

39. Plaintiff experienced a worsening of preexisting glaucoma in his right eye as a result of Officer Grisom spraying mace into his eye.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Negligence against Defendant United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

40. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 39 above as though set forth fully herein.

41. Defendant owed Plaintiff a duty of care as an inmate in BOP's custody.

42. Defendant's employees – specifically, Officer Kelly Grisom and Ms. Megan Verry-Bailey breached that duty of care by, respectively, negligently spraying pepper spray into plaintiff's face and eyes and failing to intervene in other inmates' attacks on plaintiff.

43. As a direct result of Defendant's employees' negligence, Plaintiff suffered injuries to his face, eye, and lip; as well as emotional distress, specifically loss of sleep; pain in his eye, face, and lip; anxiety; paranoia; fear; and headaches.

## PRAYER FOR RELIEF

WHEREFORE, judgment should be entered in favor of Plaintiff and against Defendant as follows:

(a) compensatory damages as against Defendant in an amount to be determined;

(b) reasonable attorneys' fees, together with costs and disbursements, pursuant to 28 U.S.C. § 2678 and this Court's discretion;

(c) pre-judgment interest as allowed by law; and

(d) such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
           March 14, 2025                        Respectfully submitted,

                                              HOLWELL SHUSTER & GOLDBERG LLP

                                              /s/ *Monica L. Coscia*
                                              Monica L. Coscia
                                              Holwell Shuster & Goldberg LLP
                                              425 Lexington Ave
                                              14th Floor
                                              New York, NY 10017

                                              *Pro Bono Counsel for Plaintiff Taijay Todd*